Submitted January 28, affirmed April 1, petition for review denied
September 10, 2015 (357 Or 743)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT JAMES BAILEY,
*Defendant-Appellant.*

Lincoln County Circuit Court
121345; A153909

347 P3d 342

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for three counts of first-degree unlawful sexual penetration, ORS 163.411, and six counts of first-degree sexual abuse, ORS 163.427. Defendant's 10 assignments of error concern the admissibility of hearsay evidence under OEC 803(18a)(b). The challenged hearsay evidence consists of testimony and evidence from interviews of the five-year-old victim recounting that defendant subjected her to a series of digital penetrations and genital contacts. At trial, the victim testified and was cross-examined but could not remember any of those penetrations or contacts save one. We reject without further written discussion defendant's argument that the victim's lack of memory prevented effective cross-examination and, thus, violated defendant's right to confront the witnesses against him under the Sixth Amendment to the United States Constitution. Defendant also contends that, because of the victim's inability to remember, the trial court was required under OEC 803(18a)(b) to determine during the trial whether the victim was unavailable as a witness. The trial court did not do so, and, thus, defendant argues that the trial court erred when it failed to examine the witness and determine whether she was unavailable. We decided *State v. Lobo,* 261 Or App 741, 322 P3d 573, *rev den,* 355 Or 880 (2014), after defendant filed his brief on appeal, and, although the circumstances presented there were procedurally different, our holding in that case is dispositive of the issue presented here. Accordingly, we affirm.

OEC 803(18a)(b) provides an exception to the inadmissibility of hearsay evidence, OEC 802, if the hearsay declarant *either* (1) "testifies at the proceeding and is subject to cross-examination" *or* (2) "is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made[.]" The exception states that a hearsay declarant is "unavailable" if he or she "has a substantial lack of memory of the subject matter of the statement[.]" OEC 803(18a)(b). Moreover, if the declarant is deemed "unavailable," the court is further obligated to determine whether the hearsay evidence is admissible because it "possesses indicia of reliability" set forth in OEC 803(18a)(b)(A) to (K).

In *Lobo*, the defendant argued that the trial court was required to conduct a pretrial hearing in order to determine the victim's availability to testify at trial. 261 Or App at 749. The court reserved the issue of the victim's availability for trial, and, during the trial, the victim responded to the majority of the defendant's questions on cross-examination but was unable to remember the circumstances of two of the hearsay statements attributed to her. *Id.* at 750. The defendant moved the trial court to declare a mistrial, which the court denied. *Id.* at 751. On appeal, the defendant argued that the disjunctive conditions of OEC 803(18a)(b) require a court to determine that the hearsay declarant is not unavailable before allowing the declarant to testify and therefore render the out-of-court statements admissible. *Id.* at 754. We disagreed that OEC 803(18a)(b) requires such a determination under the circumstances, concluding that

> "the statute provides only two conditions that must be met to unlock the first door of admissibility: that the declarant 'testifies at the proceeding' and 'is subject to cross-examination.' Whether the victim was 'unavailable' within the meaning of OEC 803(18a)(b) was irrelevant to those conditions and there was accordingly no need to conduct the pretrial hearing that defendant contends was required."

*Id.* at 754-55.

Here, defendant argues that, once the victim testified during trial that she could not remember most of the incidents at issue, the trial court was obligated to examine her to determine if she was unavailable for cross-examination and, if so determined, assess the reliability of the evidence. Despite the fact that defendant did not move for a pretrial determination of availability, as in *Lobo*, but rather contends that the unavailability determination was required once the victim indicated an inability to remember during her trial testimony, our conclusion in *Lobo* applies here. The victim satisfied the first condition under OEC 803(18a)(b) because she testified and was cross-examined, and, thus, whether she was "unavailable" is immaterial to that condition for the admission of her out-of-court statements.

Affirmed.